IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2:17-00070

HERSHEL ALVIN VANHOOSE


### MEMORANDUM OPINION AND ORDER

In Charleston, on September 22, 2020, came the defendant, Hershel Alvin Vanhoose, in person and by counsel, Mark A. Atkinson; came the United States by Jennifer Rada Herrald, Assistant United States Attorney; and came Senior United States Probation Officer Douglas W. Smith, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on September 1, 2020.  The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked.  Whereupon the defendant admitted to the charges in the petition.  The court found the charges were established by a preponderance of the evidence.

Having heard arguments of counsel, the court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was 12 to 18 months.  The court further

found that the Guideline ranges issued by the Sentencing
Commission with respect to revocation of probation and supervised
release are policy statements only and are not binding on the
court.  Thus, the court stated that the relevant statutory
provision is 18 U.S.C. § 3583(e)(3), which provides a maximum
term of imprisonment of two years.  Neither party objected to the
Guideline range and statutory penalty as determined by the court.
The court found that there was sufficient information before the
court on which to sentence defendant without updating the
presentence investigation report.

After giving counsel for both parties and defendant an
opportunity to speak regarding the matter of disposition, the
court **ORDERED**, pursuant to the Sentencing Reform Act of 1984,
that the defendant's term of supervised release be revoked, and
he is to be incarcerated for a term of eighteen (18) months.  The
court recommended that defendant **NOT** be incarcerated at FCI
Hazelton.  Upon completion of his term of incarceration, the
defendant will not be subject to any further term of supervised
release.

In considering the proper term of imprisonment to be
imposed, the court considered the factors set forth in 18 U.S.C.
§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5),
(a)(6), and (a)(7), as well as the Chapter 7 policy statements
and concluded that the sentence imposed is an appropriate

sanction for the defendant's breach of trust, taking into account the nature and circumstances of the offense and the history and characteristics of the defendant.  The court further concluded that the sentence imposed will provide adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.

The defendant was informed of his right to appeal the court's findings and the revocation of his supervised release. The defendant was further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within fourteen (14) days.  The defendant was advised that if he wishes to appeal and cannot afford to hire counsel to represent him on appeal, the court will appoint counsel for him.  The defendant was further advised that if he so requests, the Clerk of court will prepare and file a notice of appeal on his behalf.

The defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

**IT IS SO ORDERED** this 24th day of September, 2020.

ENTER:

David A. Faber
Senior United States District Judge

3